STATE v. JAMES JUNIOR MITCHELL AND JAMES THOMAS HINTON.

(Filed 10 November, 1965.)

**1. Criminal Law § 168—**

The fact that incompetent evidence must be considered in order for there to be sufficient evidence to overrule nonsuit does not entitle defendant to reversal of refusal to nonsuit, since if the incompetent testimony had been excluded the State might have offered sufficient competent evidence to take the case to the jury.

**2. Criminal Law § 71—**

The competency of a confession is a preliminary question for the trial court to be determined upon the circumstances of each particular case, and if the court's findings in regard to voluntariness are supported by competent evidence, the findings are not subject to review.

**3. Same—**

The fact that one defendant confesses upon being confronted with the fact that an article of clothing in his possession had another's name sewed in it and that the other defendant confessed after being awakened by the first defendant and told to get items which they had taken from the store, *held* not to render the confessions incompetent, since the mere fact that the confessions were made when defendants were confronted with circumstances normally calling for explanation is insufficient to render the confessions incompetent.

**4. Same—**

It is not essential in every case that defendant be cautioned that he has the right to remain silent and that his statements might be used against him in order for his confession, freely and voluntarily made, to be competent.

**5. Same—**

Where the trial court hears evidence of the defendants and of the State in regard to the voluntariness of the confessions offered in evidence, which evidence is of record, a general finding by the court that the confessions were voluntary is sufficient, and the court is not required to find detailed facts with respect to the question.

APPEAL by defendants from *Bickett, J.,* March 29, 1965, Session of WAKE.

Criminal actions based on four indictments consolidated for trial. Defendants Mitchell and Hinton are jointly charged in bills of indictment with breaking and entering the business establishments of Julian Robinson, T/A Antone's Department Store, and Whitley Furniture Company, Inc., and with larceny of personal property of Julian Robinson, value $134. Defendant Mitchell is singly charged in bills of indictment with breaking and entering the business of Wake Builders Supply Company, Inc., and Phillip Olive, T/A Olive's Grocery, and larceny of personal property of each said owner of value less than $200. All of the places of business referred to in the indictments are located in the town of Zebulon. The alleged offenses were committed within a ten-day period.

Pleas: Not guilty. Verdict: Guilty as to both defendants on all counts. Judgments: Active prison sentences.

*Attorney General Bruton, Assistant Attorney General Icenhour, and Staff Attorney Ray for the State.*
*Lemuel H. Davis for defendants.*

PER CURIAM. Defendants assign as errors: (1) The denial of their motions for nonsuit; (2) the ruling of the court that defendants' admissions and confessions were voluntarily made; and (3) the failure of the court to "find facts in support" of such ruling.

Defendants contend that their purported confessions were involuntary and incompetent and, if excluded, the evidence is insufficient to make out a *prima facie* case on any of the charges. Even so, defendants would not be entitled to dismissal. If the confessions had been held incompetent, the State might have offered other evidence sufficient to carry the cases to the jury. *State v. Hall,* 264 N.C. 559, 142 S.E. 2d 177; *State v. McMilliam,* 243 N.C. 771, 92 S.E. 2d 202.

The court heard evidence in the absence of the jury to determine whether the purported confessions were voluntary. Deputy Sheriff Blackley, for the State, and defendants, in their own behalf, testified on the *voir dire.* The State's evidence was to this effect: A considerable amount of small change (coins) was taken from some of the establishments. The officers had information that defendant Hinton had been seen with an unusual number of coins. Blackley went to Hinton's home (he resided with his aunt) about 8:00 P.M. They sat in Blackley's car and talked. Hinton said he won the money in a gambling game. He was not detained. Blackley had been looking for Mitchell. The same night that Blackley had talked to Hinton, offi-

cer Perry found Mitchell and took him to Police Headquarters. Blackley talked to him there. Mitchell was wearing a jacket which belonged to Horace Hendricks; it was one of the items which had been taken from the Wake Builders Supply Company building; it had Hendricks' name in it. Mitchell at first said his cousin in Petersburg had given him the jacket, but when it was pointed out that his cousin's name did not correspond to the name in the jacket he admitted his part in the several offenses and gave information which led to the recovery of other stolen items he had in possession. About 11:00 P.M. the same night Blackley, officer Perry and defendant Mitchell went to Hinton's home. Hinton's aunt admitted Blackley. Hinton was asleep. Blackley awakened him and told him to get the items of clothing which had been taken from Antone's Department Store. Hinton got them from a closet on the back porch; they consisted of pants, a coat and a sweater. Hinton then admitted his part in two of the "break-ins." He was then arrested. Defendants were not assaulted or threatened and no promises were made to them. They were not specifically advised of their right to counsel or to remain silent. Mitchell's parents were informed that he had been arrested.

. Defendants' testimony, if accepted as true, was sufficient to establish that their statements were made through fear and coercion.

"The court found as a fact that the confession of each defendant was freely and voluntarily made."

The question whether a confession is voluntary or involuntary must be determined upon the circumstances of each particular case. *State v. Matthews,* 231 N.C. 617, 58 S.E. 2d 625. The competency of a confession is a preliminary question for the trial court, and the court's ruling thereon is not subject to review if supported by competent evidence. It is not essential in every case that defendant be cautioned that he has a right to remain silent and that his statements might be used against him. *State v. Thomas,* 241 N.C. 337, 85 S.E. 2d 300. In the instant case the incriminating statements were made in the ordinary course of investigation. Defendants were found with stolen goods in their possession. They were not held incommunicado. They were not questioned over long periods of time. They were merely confronted with circumstances which normally call for explanation. They did not at the trial, and do not now, contend that the statements made by them were untrue. The ruling of the court below will not be disturbed.

Defendants contend, finally, that they are entitled to a new trial for failure of the judge to find detailed facts with respect to the ques-

tion whether their confessions were voluntary. Ordinarily, the court is required only to make a general finding on the ultimate question, and it is not error to refuse to find other facts. *State v. Smith*, 213 N.C. 299, 195 S.E. 819. Defendants rely on *State v. Barnes*, 264 N.C. 517, 142 S.E. 2d 344. The holding in that case must be considered in the light of the circumstances there presented. Some of the evidence heard by the trial court was not before us on appeal in that case. There are other distinguishing features.

No error.