STATE OF NORTH CAROLINA v. BENJAMIN JACK ALLEN

No. 816SC1062

(Filed 18 May 1982)

1. **Criminal Law §§ 77.1, 79— declarations by co-conspirators—admissions by defendant**

    In a prosecution for conspiracy to commit armed robbery, declarations made by defendant's co-conspirators that they needed a gun, that they should rob a certain store and that they should kill a man in the store were not inadmissible as hearsay since they were not offered to prove their truth but were offered to prove that they were asserted by the various co-conspirators and to establish the circumstances surrounding the alleged conspiracy. Furthermore, statements made by defendant that he said he had a gun but would have nothing to do with any trouble his companions got into and that defendant went into the store with the gun but returned saying that he "couldn't pull the gun" were admissible as admissions by defendant.

2. **Conspiracy § 6— conspiracy to commit armed robbery—sufficiency of evidence**

    The State's evidence was sufficient for the jury in a prosecution of defendant for conspiracy to commit armed robbery where it tended to show that defendant was present in a group of six persons when someone in the group suggested that they rob a certain store; defendant, upon a suggestion that a gun would be needed for the robbery, volunteered and provided a .22 caliber pistol to be used in the planned robbery; and three of defendant's companions entered a store and forcibly removed cash from the store's cash register by threatening the attendant with a gun wielded by one of the companions.

3. **Criminal Law § 87.1— leading question—admission not abuse of discretion**

    The trial court did not abuse its discretion in permitting the State to ask its own witness whether defendant had gone into a store which was robbed at any time after his 1:00 a.m. visit to the store, especially where the witness replied negatively, since the question did not improperly place any prejudicial matter before the jury and was not asked to impugn the witness's credibility.

4. **Criminal Law § 90— impeachment of own witness—waiver of objection**

    Even if the State improperly impeached its own witness by asking if the witness was afraid to testify to the full truth, defendant waived his objection thereto by failing to make a timely objection.

5. **Criminal Law § 89.6— impeachment of State's witness not prohibited**

    The trial court's ruling which prevented a State's witness from testifying about any fear he might have in testifying "for defendant's attorney" did not prohibit defendant from impeaching the witness since the ruling did not bar defendant's attorney from asking the witness about his fear to testify truthfully.

State v. Allen

**6. Criminal Law § 89.3— corroboration of witness—prior consistent statements**
    Prior statements of two State's witnesses were properly admitted to corroborate the testimony of the witnesses where the prior statements contained no material additional information and were not inconsistent with the testimony at trial.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 6 May 1981 in Superior Court, BERTIE County. Heard in the Court of Appeals on 8 March 1982.

Defendant was charged in a proper bill of indictment with conspiracy to commit armed robbery. Upon defendant's plea of not guilty, the State presented evidence tending to show the following:

In the early morning hours of 31 July 1980, defendant was gathered with Dennis Demory, Grady Rice, Roy Johnson, Willie McCoy Outlaw, and Mark Bell. One member of the group stated that he was hungry and wanted some money and it was suggested that they rob the Flashbuy Grocery Store. When one member of the group proposed to the others that a gun would be needed to rob the store, defendant stated that he had a gun. The other members told defendant to go and get his gun, and defendant responded by leaving and returning between five to twenty minutes later with a .22 caliber pistol. Defendant gave the gun to Grady Rice, and at about 5:30 a.m. Rice, Bell, and Johnson entered the Flashbuy Grocery Store. Grady Rice was wielding the gun and said to the store's attendant, "This is a stick-up," and told him to "back up." The attendant, who "was scared," backed up and opened the cash register and told Rice, Bell, and Johnson to take anything they wanted. Johnson got money out of the cash register and some money from a customer, and then Rice, Bell, and Johnson ran out of the store.

The jury found defendant guilty of conspiracy to commit armed robbery, and the court entered a judgment imposing a prison sentence of not less than eight nor more than ten years. Defendant Appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Myron C. Banks, for the State.*

*Taylor & McLean, by Donnie R. Taylor, for defendant appellant.*

HEDRICK, Judge.

[1]  The first assignment of error brought forth in defendant's brief challenges the admission into evidence of testimony by persons alleged to be defendant's co-conspirators about declarations by other of the alleged co-conspirators. Defendant argues that this testimony was "hearsay," and that its admission "denied defendant the right to cross examine the declarants." The challenged testimony includes the following: Demory's testimony that someone said, prior to the robbery of the Flashbuy, "I want some money;" Demory's testimony that prior to the robbery of the Flashbuy someone suggested that the group rob the Flashbuy and shoot the store's attendant and that "[t]hey needed a gun;" the testimony of several witnesses that defendant said he had a gun and that when defendant provided the gun he stated that he would have nothing to do with any trouble they got into; Grady Rice's testimony that prior to the robbery defendant went into the Flashbuy with the gun but returned saying that he "couldn't pull the gun;" and Grady Rice's testimony that after the robbery one alleged co-conspirator said that another should return to the store and kill a man present in the store.

Whether the extrajudicial declaration of a co-conspirator is offered to impose substantive vicarious liability on a defendant co-conspirator, *see State v. Tilley*, 292 N.C. 132, 232 S.E. 2d 433 (1977) and 2 Stansbury's N.C. Evidence § 173 (Brandis rev. 1973), or to avoid the rule excluding hearsay testimony by charging the defendant co-conspirator with "vicarious admission of the facts declared," *see* McCormick's Handbook of the Law of Evidence, § 267 at 645 (2d ed. 1972), the declaration must be made by the co-conspirator "during the course of and in pursuit of the goals of the illegal scheme." *See State v. Tilley, supra* at 132, 232 S.E. 2d at 438. The evidence challenged in the present case, however, was offered for neither purpose. First, as discussed below, defendant's liability was not established vicariously but by his own direct acts of providing a gun to the other co-conspirators. Second, the challenged evidence does not even amount to hearsay, and therefore need not conform to an exception to the hearsay rule; the assertion of a person other than the presently testifying witness "is not hearsay when offered into evidence for some purpose other than to prove the truth of the matter asserted," *State v. Gray*, --- N.C. App. ---, ---, 286 S.E. 2d 357, 361 (1982), and

the extrajudicial assertions in the present case (e.g., that the co-conspirators needed a gun, that they should rob the Flashbuy, that they should kill a man in the store) were offered not to prove their truth, but to prove that they *were asserted* by the various co-conspirators and to thereby establish the circumstances surrounding the alleged conspiracy. Defendant had ample opportunity to cross-examine the co-conspirator witnesses on the veracity of their testimony that such assertions were made. Furthermore, the extrajudicial declarations of defendant (one of which may have been offered to prove the truth of the matter asserted) are admissible as admissions of a party opponent. *See State v. Cobb*, 295 N.C. 1, 243 S.E. 2d 759 (1978). Hence, the challenged testimony was properly admitted into evidence, and this assignment of error is overruled. *See also State v. Puryear*, 30 N.C. App. 719, 228 S.E. 2d 536, *disc. rev. denied and appeal dismissed*, 291 N.C. 325, 230 S.E. 2d 678 (1976).

By his next assignment of error, defendant argues that the court erred in denying defendant's motions for "directed verdict" and "for appropriate relief based upon lack of sufficiency of evidence to support the verdict."

"A motion for a directed verdict has the same effect as a motion for nonsuit and the test of the sufficiency of the evidence to withstand either motion is the same." *State v. Lowe*, 295 N.C. 596, 604, 247 S.E. 2d 878, 884 (1978). Upon such motions,

> the trial judge is required to consider the evidence in the light most favorable to the State, take it as true, and give the State the benefit of every reasonable inference to be drawn therefrom . . . [;] [r]egardless of whether the evidence is direct, circumstantial, or both, if there is evidence from which a jury could find that the offense charged has been committed and that the defendant committed it, the motion[s] should be overruled.

*State v. Hood*, 294 N.C. 30, 44, 239 S.E. 2d 802, 810 (1978). Similarly, if the evidence meets such test and was thereby sufficient to submit the case to the jury, a motion for appropriate relief for insufficiency of the evidence is also properly denied. *See* G.S. § 15A-1414(a), (b)(1)(c).

In the present case, the State was required to present sufficient evidence from which the jury could find defendant guilty of

conspiracy to commit armed robbery. "When the state attempts to prove a criminal conspiracy, 'it must show an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way.'" *State v. Aleem*, 49 N.C. App. 359, 362, 271 S.E. 2d 575, 578 (1980). The offense of criminal conspiracy is complete when the agreement is made, since the conspiracy itself, not the execution of the deed, is the gravamen of the offense. *State v. LeDuc*, 48 N.C. App. 227, 269 S.E. 2d 220 (1980). "Those who aid, abet, counsel or encourage, as well as those who execute their designs[,] are conspirators." *State v. Covington*, 290 N.C. 313, 342, 226 S.E. 2d 629, 648 (1976).

[2] The object of the conspiracy for which defendant was charged was armed robbery, the elements of which, according to *State v. Davis*, 301 N.C. 394, 397, 271 S.E. 2d 263, 264 (1980), are

> the taking of personal property from another in his presence or from his person without his consent by endangering or threatening his life with a firearm, with the taker knowing that he is not entitled to the property and the taker intending to permanently deprive the owner of the property.

In the present case, the State presented evidence tending to show that defendant was present when someone in a group consisting of defendant, Demory, Rice, Johnson, Outlaw, and Bell suggested that they rob the Flashbuy; that defendant, upon a suggestion that a gun would be needed for the robbery, volunteered and provided a .22 caliber pistol to be used in the planned robbery; and that Rice, Bell, and Johnson entered the Flashbuy and forcibly removed cash from the store's cash register by threatening the store's attendant with a gun wielded by Rice. This evidence is sufficient to enable the jury to find that defendant was present when the robbery plans were made; that defendant, with knowledge of the criminal plans, aided the perpetrators of the robbery; and, hence, that defendant knowingly entered into the unlawful confederation to commit armed robbery. This assignment of error is without merit.

[3] Of the exceptions properly brought forward in defendant's next two assignments of error, defendant first argues that the court erred in allowing the State to ask one of its witnesses, Dennis Mitchell, whether defendant had gone into the Flashbuy anytime after his 1:00 a.m. visit to the store. Although Mitchell

answered in the negative, defendant contends that such questioning was leading and that it improperly insinuated that defendant had been in the store after 1:00 a.m. "[I]t is within the sound discretion of the trial judge to determine whether counsel may ask leading questions, and his ruling will not be disturbed on appeal in the absence of gross abuse." *State v. Harris*, 290 N.C. 681, 694, 228 S.E. 2d 437, 444 (1976). "[A] question in which counsel assumes or insinuates a fact not in evidence, and which receives a negative answer, is not evidence of any kind." *State v. Smith*, 289 N.C. 143, 157, 221 S.E. 2d 247, 255 (1976). A prosecuting attorney, however, may not "place before the jury by . . . insinuating questions . . . incompetent and prejudicial matters not legally admissible in evidence." *State v. Smith, supra* at 158, 221 S.E. 2d at 256. The challenged question in the present case, particularly in light of the witness's negative response, did not improperly place any prejudicial matter before the jury; rather, the questioning was merely the prosecuting attorney's attempt to elicit from the witness an answer to the question of whether defendant ever entered the Flashbuy after 1:00 a.m. The question was not asked to impugn the witness's credibility, and the court's permitting such questioning was not an abuse of discretion.

[4] The other exception defendant argues under these two assignments of error is that the State impeached its own witness, Dennis Mitchell, by asking if he were afraid to testify to the full truth. The State twice asked Mitchell, without objection, if he was afraid, and Mitchell twice answered in the negative. Defendant did not object until the third such question. "[T]he admission of evidence without objection waives prior or subsequent objection to the admission of evidence of a similar character." *State v. Campbell*, 296 N.C. 394, 399, 250 S.E. 2d 228, 231 (1979). In the present case, the witness negatived any suggestion that fear influenced his testimony; nevertheless, even if the State were guilty of improperly impeaching its own witness, defendant has waived his objection thereto by failing to make a timely objection. These assignments of error have no merit.

[5] Defendant next assigns error to the court's "not permitting the defense counsel to cross examine a state's witness as to bias and motives for testifying." The exchange to which defendant takes exception occurred during defendant's attorney's cross examination of Willie Outlaw and is set out in the record as follows:

> Q. And you are scared to testify and tell the truth for me; is that the case?
>
> WITNESS: For not to tell the truth?
>
> Q. Were you scared to testify *for me*?
>
> MR. BEARD: I'm going to object to testifying *for him*. If he wants to ask him about telling the truth —
>
> THE COURT: Sustained.
>
> EXCEPTION NO. 41.

[Emphasis added.]

The record reflects that the court's ruling did not bar defendant's attorney from asking the witness about his fear to testify truthfully; rather, the ruling prevented the witness from testifying about any fear he might have in testifying *for defendant's attorney*. Since defendant's contention that he was not allowed to impeach the State's witness is unfounded, this assignment of error is overruled.

[6] Finally, defendant assigns error to the court's "allowing the testimony which was noncorroborative of the State's witnesses" and "allowing the S.B.I. agent to read from a witness'[s] statement." Defendant argues that testimony about the prior statement of Dennis Demory that defendant went home to get a gun and returned in fifteen minutes, and about the prior statement of Dennis Mitchell describing the events which had occurred on the morning of 31 July 1980 were noncorroborative hearsay and violative of the rule preventing the State from impeaching its own witnesses by using prior inconsistent statements.

" '[I]f a prior statement of the witness, offered in corroboration of his testimony at the trial, contains additional evidence going beyond his testimony, the State is not entitled to introduce the "new" evidence under the claim of corroboration.' " *State v. Warren*, 289 N.C. 551, 557, 223 S.E. 2d 317, 321 (1976). If, however, "the testimony offered in corroboration is generally consistent with the witness's testimony, slight variations will not render it inadmissible." *State v. Warren, supra.* at 557, 223 S.E. 2d at 321.

In the present case, the challenged prior statements of Dennis Demory, testified to by Deputy Daniel Morgan, were generally

consistent with Demory's testimony at trial about defendant's volunteering to the group of alleged co-conspirators the use of a gun and his going home to retrieve such gun; the prior statements contained no material additional information and were not inconsistent with the testimony at trial. Similarly, the challenged prior statements of Dennis Mitchell, testified to by S.B.I. Agent Kent Inscoe, were generally consistent with Mitchell's testimony at trial about the events at the Flashbuy on 31 July 1980; the prior statements added nothing materially to what had been testified to by witness Mitchell and other witnesses, nor were they inconsistent with the testimony at trial. The admission of these statements, therefore, was not error, and this assignment of error has no merit.

We hold defendant had a fair trial free of prejudicial error.

No error.

Chief Judge MORRIS and Judge VAUGHN concur.