State v. Walden

---

STATE OF NORTH CAROLINA v. ANGELA EVANS WALDEN AND BENITA YVETTE DARBY

No. 8415SC883

(Filed 4 June 1985)

1. Robbery § 4— conspiracy — evidence sufficient

There was sufficient evidence that defendant Darby knowingly entered into a criminal conspiracy with intent to carry out an agreement to commit robbery with a dangerous weapon where the State presented evidence of meetings attended by defendant Darby during which robbery of a grocery store was discussed and an agreement made that a real gun would be needed, of an aborted robbery attempt in which defendant Darby drove the vehicle, and of a discussion between defendant Darby and defendant Walden of who would drive to the robbery which was the subject of these charges.

State v. Walden

**2. Robbery § 4.6 — accessory before the fact — evidence sufficient — guilty as principal**

The trial court did not err by submitting the offense of common law robbery to the jury where the State's evidence showed that defendant Darby, through her continued involvement in planning the robbery after the agreement to rob the store was made, counseled and aided the principals in committing the robbery even though she was not present when it was committed. The State offered substantial evidence of each and every element of and the judge properly instructed the jury on accessory before the fact, and the North Carolina Legislature abolished the differences in the guilt and sentencing treatment between accessory before the fact and principals to the commission of a felony in 1981. G.S. 14-5.2.

**3. Criminal Law § 75.2 — confession — conflicting voir dire testimony — no findings — remanded**

Defendant Walden's cause was remanded for a new hearing where the *voir dire* testimony indicated a knowing and intelligent waiver of defendant's *Miranda* rights, revealed that the statement may have been induced by a promise from a person in authority, and the trial court did not make findings resolving the conflict.

APPEAL by defendants Walden and Darby from *McLelland, Judge.* Judgments entered 31 October 1983 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 13 March 1985.

This is a criminal action in which defendants were charged in proper indictments with robbery with a dangerous weapon and conspiracy to commit robbery with a dangerous weapon. Both defendants entered pleas of not guilty to each offense; the offenses were joined for trial.

The State's evidence tended to show the following: On 14 May 1983, about 9:00 p.m., Alonzo Smith and Lawrence Reed robbed a grocery store by use of a toy pistol. Smith, Reed, and defendant Walden were arrested immediately after the robbery in defendant Walden's automobile, of which she was the driver. The toy pistol, cash, checks, food stamps and food coupons were retrieved from the automobile.

Testimony implicating defendant Walden was offered through Alonzo Smith and Lawrence Reed. Alonzo Smith testified that defendant Walden came late to a meeting during which plans to rob the grocery store were discussed, that she drove the car to the scene of the crime, and that she discussed with him the layout of the store and the identification of the store manager during

the drive to the store on the night of the robbery. Lawrence Reed testified that defendant Walden was absent from the meeting, but that she drove the car and discussed the use of a gun with him during the drive to the grocery store.

Alonzo Smith and Lawrence Reed also implicated defendant Darby. Their testimony was similar and to the effect that defendant Darby approached Reed with a proposal to rob the grocery store; that she was present at meetings during which the robbery was discussed; that she drove Smith and Reed to the store a week before the robbery intending to rob the store that day, but they decided not to go through with their plans; and that she was supposed to drive the car on the date of the actual robbery.

Both defendants offered evidence on their own behalf denying any knowledge of or participation in the robbery of the grocery store. During Walden's cross-examination the State sought to use for impeachment purposes an in-custody statement made by her, which the State had not attempted to introduce as a part of its direct evidence. After a *voir dire* hearing, the court ruled that the State would be permitted to cross-examine Walden by the use of the statement, in which she admitted to investigating officers her knowledge of the robbery and her participation in driving the car to the scene of the crime.

Defendant Walden was convicted of common law robbery and found not guilty of conspiracy to commit robbery with a dangerous weapon. Defendant Darby was convicted of common law robbery and of conspiracy to commit robbery with a dangerous weapon. Judgments were imposed upon the jury verdicts, sentencing both defendants to the presumptive terms for their offenses. Defendants appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Ellen B. Scouten, for the State.*

*Ridge, Richardson & Johnson, by Daniel S. Johnson, for defendant appellant Walden.*

*David L. Harris, for defendant appellant Darby.*

MARTIN, Judge.

Defendant Walden's assignments of error relate to a statement she made while in custody. Because we are unable to deter-

mine if error occurred when the statement was admitted as being voluntary, we remand the case against Walden with instructions. Defendant Darby assigns as error the denial of her motions to dismiss. Evidence against defendant Darby of conspiracy to commit robbery with a dangerous weapon and as an aider and abettor of common law robbery was sufficient to submit the offenses to the jury, and we find no error as to defendant Darby.

## I. DARBY'S APPEAL

Defendant Darby contends the trial court erred in denying her motions to dismiss the charges against her and for appropriate relief on the grounds that the State's evidence was insufficient to support the convictions of conspiracy to commit robbery with a dangerous weapon and common law robbery. Upon such motions, the evidence, whether direct or circumstantial, is considered in the light most favorable to the State, giving the State every reasonable inference to be drawn therefrom. *State v. Hood,* 294 N.C. 30, 239 S.E. 2d 802 (1978).

The State was required to present sufficient evidence from which the jury could find defendant guilty of conspiracy to commit robbery with a dangerous weapon, and common law robbery. When the State attempts to prove a criminal conspiracy, it must show an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way. *State v. Parker,* 234 N.C. 236, 66 S.E. 2d 907 (1951). A criminal conspiracy is complete when the agreement is made. *State v. Allen,* 57 N.C. App. 256, 291 S.E. 2d 341 (1982). "Those who aid, abet, counsel or encourage, as well as those who execute their designs are conspirators." *State v. Covington,* 290 N.C. 313, 342, 226 S.E. 2d 629, 648 (1976).

[1] The State presented evidence of meetings attended by Lawrence Reed, Alonzo Smith, defendant Walden and defendant Darby during which the robbery of the grocery store was discussed and the agreement made that a real gun would be needed. These meetings occurred before. and after another aborted robbery attempt was made in which defendant Darby drove the vehicle. Prior to the robbery which is the subject of the instant charges, defendant Darby discussed with defendant Walden who would drive Reed and Smith to the robbery. This evidence is sufficient to enable the jury to find that defendant Darby was pres-

ent when the robbery plans were made; that defendant Darby aided the perpetrators in their criminal plans to rob the grocery store by using a gun; and, therefore, that defendant Darby knowingly entered into a criminal conspiracy with the intent to carry out the agreement to commit robbery with a dangerous weapon.

[2] Nor did the court err in submitting the offense of common law robbery to the jury. Common law robbery is the "felonious taking of money or goods of any value from the person of another or in his presence against his will, by violence or putting him in fear." *State v. McWilliams*, 277 N.C. 680, 687, 178 S.E. 2d 476, 480 (1971). The State's evidence showed that defendant Darby, through her continued involvement in planning the robbery after the agreement to rob the store was made, counseled and aided the principals in committing the robbery, but that she was not present when the principals committed the robbery. At common law, one who encouraged or aided another in committing a crime but who was not himself present at the commission of the crime was classified as an accessory before the fact. In *State v. Small*, 301 N.C. 407, 429, 272 S.E. 2d 128, 141 (1980), our Supreme Court held that "[u]nless and until the legislature acts to abolish the distinction between principal and accessory, a party to a crime who was not actually or constructively present at its commission may at most be prosecuted, convicted and punished as an accessory before the fact." In 1981 the North Carolina legislature did abolish the difference in guilt and sentencing treatment between accessories before the fact and principals to the commission of a felony. "Every person who heretofore would have been guilty as an accessory before the fact to any felony shall be guilty and punishable as a principal to that felony." G.S. 14-5.2. Cases decided before the enactment of G.S. 14-5.2 delineating the essential elements of accessory before the fact of felony are applicable to cases brought under G.S. 14-5.2. *State v. Woods*, 307 N.C. 213, 297 S.E. 2d 574 (1982). The State offered substantial evidence of each and every element of, and the judge properly instructed the jury on, accessory before the fact of felony, i.e., that "(a) . . . defendant counseled, procured or commanded the principal[s] to commit the offense; (b) that defendant was not present when the principal[s] committed the offense; and (c) that the principal[s] committed the offense." *State v. Sauls*, 291 N.C. 253, 257, 230 S.E. 2d 390,

392 (1976), *cert. denied,* 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed. 2d 226 (1977). This assignment of error is overruled.

## II. WALDEN'S APPEAL

[3]   Defendant Walden assigns as error the trial court's denial of her motion to suppress a statement she made to law enforcement officers after her arrest. Defendant argues that the investigating officers induced in her a hope or fear which resulted in her making inculpatory, involuntary statements and maintains the trial court's failure to make findings of fact in regard to the voluntariness of the statement rendered the trial court's denial of her motion to suppress error.

The State attempted to use the statement for impeachment purposes during cross-examination of defendant Walden. A *voir dire* hearing was conducted, at which defendant Walden was the only witness. Her testimony in pertinent part was as follows: She signed two waiver of rights forms stating that she did not wish to talk to the police. When the police discovered that she had worked for the grocery store which was robbed, "they insisted on having a statement" from her. She testified that a police officer told her, "I know you—I know you in on this [sic]. You may as well go on and tell me what's happening. The judge is going to look at it. The other guys is [sic] going to give a statement, and you go on and give us a statement and the judge will look at that, being that you've cooperated in all of this." According to her testimony, the police "promised that it would be better" for her if she made a statement, and also told her she had a high bond and gave her the impression "she was going to be in custody, so she had to talk." Defendant Walden immediately prior to giving her statement said she understood her *Miranda* rights, initialed a waiver of rights form, stating she wished to talk to the police. The trial court made no findings of fact from this evidence, but concluded "that the statements were voluntarily made and may be used in cross-examination."

Regardless of the scope and purpose of the statement's use, in cases such as this one in which the requirements of *Miranda* have been met and the defendant has not asserted the right to have counsel present during questioning,

> no single circumstance may be viewed in isolation as rendering a confession the product of improperly induced hope or

fear and, therefore, involuntary. In those cases the court must proceed to determine whether the statement made by the defendant was *in fact* voluntarily and understandingly made, which is the ultimate test of the admissibility of a confession. In determining whether a defendant's statement was in fact voluntarily and understandingly made, the court must consider the *totality of the circumstances* of the case and may not rely upon any one circumstance standing alone and in isolation.

*State v. Corley*, 310 N.C. 40, 48, 311 S.E. 2d 540, 545 (1984) (original emphasis).

In addition to applying the totality of the circumstances analysis, the trial court on *voir dire* is to resolve evidentiary conflicts by findings of fact in such manner as to enable this Court to say whether the trial judge committed error in admitting the confession. *State v. Conyers*, 267 N.C. 618, 148 S.E. 2d 569 (1966). Our Supreme Court has stated that a court's failure to find facts resolving conflicting *voir dire* testimony is prejudicial error "requiring remand to the superior court for proper findings and a determination upon such findings of whether the inculpatory statement made to police officers by defendant during his custodial interrogation was voluntarily and understandingly made." *State v. Booker*, 306 N.C. 302, 312-13, 293 S.E. 2d 78, 84 (1982), *aff'd*, 309 N.C. 446, 306 S.E. 2d 771 (1983).

In the case under review, the *voir dire* testimony was conflicting. Defendant Walden's testimony, while indicating a knowing, intelligent waiver of her *Miranda* rights prior to giving her inculpatory statement, also revealed the statement may have been induced by a promise from a person in authority "which gave defendant a hope for lighter punishment . . . arous[ing] . . . an 'emotion of hope' so as to render the confession involuntary." *State v. Fuqua*, 269 N.C. 223, 228, 152 S.E. 2d 68, 72 (1967). Applying the *Booker* rule to this case, we hold this cause must be remanded to the Superior Court of Alamance County where a judge presiding over a criminal session will conduct a hearing, after due notice to defendant and with her counsel present, to determine whether the statement allegedly made by defendant Walden to officers on 16 May 1983 was voluntarily and understandingly made. If the presiding judge determines that the state-

ment was not understandingly and voluntarily made, he will make his findings of facts and conclusions and enter an order vacating the judgment appealed from, setting aside the verdict and granting defendant Walden a new trial. If the presiding judge makes a determination based upon competent evidence that defendant Walden's statement was made voluntarily and understandingly, he will make his findings of fact and conclusions of law and thereupon order commitment to issue in accordance with the judgment appealed from and entered 31 October 1983.

No error in Case No. 83CRS10059.

Remanded with instructions in Case No. 83CRS7332.

Chief Judge HEDRICK and Judge WELLS concur.