STATE OF NORTH CAROLINA v. ANGELA EVANS WALDEN

No. 8615SC233

(Filed 21 October 1986)

**Criminal Law § 75.2— confession—statements by officers—confession voluntarily and understandingly made**

Defendant's confession was voluntarily and understandingly made where defendant was arrested at 9:00 p.m. for robbery of a grocery store; when she was read her rights by an officer at 10:30 p.m., she declined to give a statement and the questioning ceased; shortly after midnight defendant was approached by a detective who had learned that she once was employed at the robbed store, but after her rights were again read to her, she again refused to

State v. Walden

make a statement; thereafter, defendant talked with two officers for about fifteen minutes and was told, in substance, during the conversation that the officers knew she had worked at the store involved, that her bond would be about $35,000, and that it might help her in court if she made a statement and cooperated with them; defendant was advised of her rights once more, and at 12:50 a.m. agreed to make a statement; and defendant was 25 years old and a high school graduate with 1½ years of business school training.

Judge BECTON concurs in the result.

APPEAL by defendant from *Farmer, Judge.* Order entered 13 September 1985 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 26 August 1986.

*Attorney General Thornburg, by Assistant Attorney General David R. Minges, for the State.*

*Daniel Snipes Johnson for defendant appellant.*

PHILLIPS, Judge.

This case has been here before. In 1983, after being convicted along with three others of the common law robbery of a Burlington grocery store, defendant appealed to this Court citing as error the use of her in-custody confession for impeachment purposes. That contention could not be resolved by us because the trial judge's findings of fact as to the voluntariness or involuntariness of the confession were inadequate, and we remanded to the trial court with instructions to hold a hearing, make adequate findings of fact from the evidence presented, determine whether or not defendant's statement was voluntarily and understandingly made, and if it was to order defendant's commitment in accord with the judgment of conviction, but if it was not to vacate the judgment. *State v. Walden,* 75 N.C. App. 79, 330 S.E. 2d 271 (1985). At the hearing so held the State introduced the complete record of the previous trial, the defendant presented the defendant's testimony and that of two officers who were present when she gave the statement, and the court made various findings of fact and determined that defendant's in-custody statement was voluntarily and understandingly made. The findings and determination are based upon the evidence in its totality, as our law requires, *State v. Corley,* 310 N.C. 40, 311 S.E. 2d 540 (1984); and they are amply supported by competent evidence. *State v. Temple,* 302 N.C. 1, 273 S.E. 2d 273 (1981). Thus, we affirm them.

The evidence before the court, in pertinent part, shows that: Defendant was arrested at nine o'clock during the evening of 14 May 1983 in connection with the robbery of a grocery store in Burlington. When she was read her rights by an officer an hour and a half later, she declined to give a statement and the questioning ceased. Shortly after midnight defendant was approached by a detective who had learned that she once was employed at the robbed store, but after her rights were again read to her she again refused to make a statement. Thereafter, however, she talked with two officers for about fifteen minutes and during their conversation she was told, in substance, that the officers knew she had worked at the store involved, that her bond would be about $35,000, and that it might help her in court if she made a statement and cooperated with them. Following that conversation defendant was advised of her rights still again and at 12:50 a.m. she agreed to make a statement. In the statement she admitted that she knew her companions were going to rob the grocery store and that she participated as the get-away driver. This evidence does not show, as defendant argues, that her confession was coerced because the officers continued to talk to her after she had invoked her right to remain silent. Defendant was twenty-five years old and a high school graduate that had attended business school for a year and a half. Her initial refusal to make a statement was honored and the police did not approach her again until two hours later when they told her that they had just learned of her past connection with the robbed grocery store and the evidence indicates that the talking and signing that she did thereafter was done voluntarily and understandingly. The mere fact that a confession is made after a defendant is confronted with new information normally calling for an explanation does not render the confession involuntary. *State v. Temple, supra; State v. Mitchell*, 265 N.C. 584, 144 S.E. 2d 646 (1965), *cert. denied*, 384 U.S. 1024, 16 L.Ed. 2d 1029, 86 S.Ct. 1972 (1966). Nor does it appear that her confession was involuntary because she believed from the officers' remarks that she would be rewarded if she confessed. The remarks suggested no reward and were too speculative to warrant such a belief by defendant. Similar remarks by police officers under similar circumstances have been held not to justify any hope that preferential treatment would be received. *State v. Hayes*, 314 N.C. 460, 334 S.E. 2d 741 (1985); *State v. Branch*, 306 N.C. 101, 291 S.E. 2d 653 (1982); *State v. Thomas*, 34 N.C. App. 534, 239 S.E. 2d 281 (1971).

Affirmed.

Judge MARTIN concurs.

Judge BECTON concurs in the result.